**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| CHINH Q. PHAM,                              )  | |
|                                             )  | |
|      Plaintiff,    )  | |
|   vs.                             )  | No. 1:07-cv-0025-SEB-JMS |
|                                             )  | |
| FEDERAL BUREAU OF PRISONS,                  )  | |
|                                             )  | |
|      Defendant.    )  | |

**Entry Discussing Motion for Summary Judgment**

   This cause is before the court on the complaint of Chinh Q. Pham ("Pham"), on the United States' answer to that complaint and motion for summary judgment, and on Pham's response to the motion for summary judgment.

   Whereupon the court, having considered such pleadings, motion and response, and being duly advised, finds that the defendant's motion for summary judgment must be **granted.** This conclusion is based on the following facts and circumstances:

   1. Pham is confined at a federal prison located within the Southern District of Indiana and on January 3, 2007, filed this action seeking review pursuant to the Administrative Procedures Act ("APA"), 5 U.S.C. § 706, of the decision of the Federal Bureau of Prisons ("BOP") to deny him compassionate release. Pham contends that he has suffered a series of heart related health problems during his incarceration and that the refusal to grant him compassionate release is an arbitrary and capricious exercise of discretion. He seeks an order compelling the BOP to grant him compassionate release.

   2. The BOP seeks resolution of Pham's claim through the entry of summary judgment. Summary judgment "is appropriate where the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Westra v. Credit Control of Pinellas,* 409 F.3d 825, 827 (7th Cir. 2005) (quoting Rule 56(c) of the Federal Rules of Civil Procedure). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.*

3.      Pham is serving three concurrent 97 month sentences imposed by the United States District Court for the Northern District of California which commenced on March 7, 2003, following his conviction for drug and related offenses. He applied for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) on December 8, 2005. On December 27, 2005, the Warden of the USPTH denied Pham's request. Pham appealed through administrative channels and received a final decision on January 17, 2007. That final decision noted that the BOP generally restricts compassionate release consideration to "those inmates who have been diagnosed with a medical condition that is terminal within one year, or who suffer from a severely debilitating and irreversible mental or physical medical condition and are unable to provide self care." The final denial also noted Pham's condition had improved and he was reclassified as stable/chronic care on December 12, 2006.

4.      BOP regulations provide that a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) should be made "only when there are particularly extraordinary or compelling circumstances which could not reasonably been foreseen by the court at the time of sentencing." See 28 C.F.R. § 71.61(a). The APA entitles "a person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action . . . to judicial review thereof." 5 U.S.C. § 702. The APA permits a district court to "hold unlawful and set aside" an agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

5.      The BOP first argues that its decision denying Pham's request for a compassionate release is not reviewable under the APA. The APA does not apply, however, to the extent that "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(2). Determining whether, when and why to grant a compassionate release are matters committed to the discretion of the BOP. *Drake v. FAA,* 291 F.3d 59, 72 (D.C.Cir. 2002)(when the governing statute provides the agency with a subjective standard, *i.e.,* "whether the agency thinks that a condition has been met," rather than an objective standard, *i.e.,* "whether the condition in fact has been met," there is "no law to apply" and the agency's decision is unreviewable). This court agrees with the reasoning of the unpublished appellate decision cited by the BOP in its motion for summary judgment concluding that under these precise circumstances the BOP's decision which Pham challenges here is not subject to review under the APA.

6.      Even if the court concluded otherwise with respect to whether the decision of the BOP was reviewable under the APA, the decision in this case would withstand review sought by Pham. Under the APA, a reviewing court must set aside an agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706; *Tourus Records, Inc. v. Drug Enforcement Admin.,* 259 F.3d 731, 736 (D.C.Cir. 2001). In making this inquiry, the reviewing court "must consider whether the [agency's] decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *Marsh v. Or. Natural Res. Council,* 490 U.S. 360, 378 (1989) (internal quotations omitted). At a minimum, the agency must have considered relevant data and articulated an explanation establishing a "rational connection between the facts found and the choice made." *Bowen v. Am. Hosp. Ass'n,* 476 U.S. 610, 626 (1986). In this case, the BOP considered Pham's health, his institution assignment, his medical needs and the ability of the USPTH to meet those needs, and the normal

guidelines for granting a compassionate release. The BOP considered factors which are pertinent to the exercise of its discretion and gave a plausible explanation for the exercise of its discretion. Its decision was not arbitrary or capricious, and the court is not able in these circumstances, nor would it be included, to substitute its judgment for that of the BOP.

7.      "Summary judgment is not a discretionary remedy. If the plaintiff lacks enough evidence, summary judgment must be granted." *Jones v. Johnson*, 26 F.3d 727, 728 (7th Cir. 1994), *aff'd*, 115 S. Ct. 2151 (1995). That is the case here. Therefore, the defendant's motion for summary judgment is **granted,** and judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: _05/23/2007_ _____

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana